In the Matter of KENT STORES, INC., Petitioner, and PROSPERITY STORES, INC., et al., Appellants, against HARRIS H. MURDOCK et al., Constituting the Board of Standards and Appeals of the City of New York, Respondents, and NEIGHBORHOOD CLEANERS ASSOCIATION, INC., Intervener, Respondent.— Proceeding under article 78 of the Civil Practice Act, to review a determination by the board of standards and appeals of the City of New York, affirming a ruling by the borough superintendent, department of housing and buildings, borough of Brooklyn. Order dismissing the petition and confirming the determination of the board of standards and appeals unanimously affirmed, with $50 costs and disbursements. The principal purpose of the application before the board of standards and appeals and of this proceeding to review the board's determination is to obtain an opinion which would be essentially of an advisory nature. Neither the board nor the courts have jurisdiction to entertain any such application or proceeding. For that reason we affirm the board's determination. Nolan, P. J., Carswell, Sneed and MacCrate, JJ., concur; Adel, J., concurs, being of the opinion that there is no evidence in the record that the single store premises, to which the proceeding is limited, are being used in violation of the Zoning Resolution, however interpreted.

∎

In the Matter of the Probate of the Will of IRVING KOROWITZ, Deceased. BEATRICE KOROWITZ, as General Guardian for DEBORAH KOROWITZ and Another, Infants, Appellant; CHARLES KRAFT et al., Respondents.— Resettled order of the Surrogate's Court of the County of Kings granting proponent's motion to the extent of directing a trial of the issues as to the status of the parties to this probate proceeding modified so as to limit the trial to the issue of the status of respondent Jean Korowitz as a person entitled to contest probate. As so modified, the order is affirmed, with $10 costs and disbursements to appellant, payable out of the estate. Appellant filed no objections on her own behalf and consented to withdrawal of the objections which she had interposed as general guardian of her infant children. The consent should have been accepted, leaving the said Jean Korowitz as the sole contestant, and there is no need to determine the right of persons to contest a proffered purported will if such persons offer no contest. Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.